No. 12-2621

IN THE

# United States Court of Appeals for the Third Circuit

---

GABRIEL JOSEPH CARRERA,
on behalf of himself and all others similarly situated,
*Plaintiff-Appellee,*

v.

BAYER CORPORATION AND BAYER HEALTHCARE, LLC,
*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the District of New Jersey

---

## APPELLEE'S PETITION FOR REHEARING AND REHEARING EN BANC

---

James E. Cecchi
Lindsey H. Taylor
Caroline F. Bartlett
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

Joe R. Whatley, Jr.
Patrick J. Sheehan
WHATLEY DRAKE &
KALLAS, LLC
380 Madison Ave.
New York, NY 10017
(212) 447-7070

Deepak Gupta
Jonathan E. Taylor
GUPTA BECK PLLC
1625 Massachusetts Ave.
Washington, DC 20036
(202) 888-1741

*Counsel for Plaintiff-Appellee Gabriel Joseph Carrera*

September 27, 2013

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ii

Statement Required by Local Rule 35.1 ...............................................................v

Introduction ..........................................................................................................1

Statement ..............................................................................................................2

Argument ..............................................................................................................4

I.   The panel's decision erects an unprecedented hurdle that, if left standing, will effectively wipe out class actions involving small-dollar consumer products. ............................................................................4

II.  The panel's ascertainability holding puts this Court at odds with other circuits, fails to serve the purposes of ascertainability identified in *Marcus*, and undermines Rule 23. ...................................................6

    A.   The panel's ascertainability analysis cannot be squared with the prevailing law of other circuits and a half-century of class-action jurisprudence....................................................................7

    B.   The panel's decision undermines Rule 23 and fails to serve the purposes of the ascertainability requirement. .......................................11

III. The panel's recognition of a new Due Process Clause right—in the absence of a protected property interest or the requisite balancing of interests—cannot be reconciled with Supreme Court precedent. ................13

Conclusion............................................................................................................15

Certificate of Service

Exhibit A:   Panel Opinion

Exhibit B:   Greg Ryan, *3rd Circ. Adopts Unheard-Of Consumer Class Action Hurdle*, Law360, Sept. 18, 2013

# TABLE OF AUTHORITIES

## Cases

*Allapattah Services, Inc. v. Exxon Corp.*,
454 F. Supp. 2d 1185 (S.D. Fla. 2006) .........................................................3

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997) .......................................................................... 6, 11

*Board of Regents of State Colleges v. Roth*,
408 U.S. 564 (1972) ........................................................................ 13, 14

*Boundas v. Abercrombie & Fitch Stores, Inc.*,
280 F.R.D. 408 (N.D. Ill. 2012) ...............................................................12

*Butler v. Sears, Roebuck & Co.*,
--- F.3d ---, 2013 WL 4478200 (7th Cir. Aug. 22, 2013)......................... 10, 11

*Carnegie v. Household International, Inc.*,
376 F.3d 656 (7th Cir. 2004) ..................................................................10

*DeBremaecker v. Short*,
433 F.2d 733 (5th Cir. 1970) ....................................................................7

*Fitzpatrick v. General Mills, Inc.*,
635 F.3d 1279 (11th Cir. 2011)...............................................................8, 9

*Grider v. Keystone Health Plan Central, Inc.*,
580 F.3d 119 (3d Cir. 2009) ...................................................................15

*Harris v. comScore, Inc.*,
2013 WL 1339262 (N.D. Ill. 2013) ...........................................................12

*Hayes v. Wal-Mart Stores, Inc.*,
725 F.3d 349 (3d Cir. 2013) ................................................................ 2, 12

*Hilao v. Estate of Marcos*,
103 F.3d 767 (9th Cir. 1996) ..................................................................14

*Hughes v. Kore of Indiana Enterprise, Inc.*,
--- F.3d ---, 2013 WL 4805600 (7th Cir. Sept. 10, 2013) .............................12

*Ihrke v. Northern States Power Company*,
  459 F.2d 566 (8th Cir. 1972) ....................................................................8

*In re Antibiotic Antitrust Actions*,
  333 F. Supp. 278 (S.D.N.Y. 1971) .........................................................15

*In re Baby Products Antitrust Litigation*,
  708 F.3d 163 (3d Cir. 2013) ....................................................................9

*In re Dry Max Pampers Litigation*,
  724 F.3d 713 (6th Cir. 2013) ...................................................................9

*In re Pet Food Products Liability Litigation*,
  629 F.3d 333 (3d Cir. 2010) ....................................................................9

*In re Pharmaceutical Industry Average Wholesale Price Litigation*,
  588 F.3d 24 (1st Cir. 2009) .....................................................................9

*In re Vitamins Antitrust Class Actions*,
  215 F.3d 26 (D.C. Cir. 2000) ..................................................................9

*Marcus v. BMW of North America, LLC*,
  687 F.3d 583 (3d Cir. 2012) .............................................................*passim*

*Mathews v. Eldridge*,
  424 U.S. 319 (1976) ...............................................................................15

*Nelson v. Mead Johnson & Johnson Co.*,
  484 F. App'x 429 (11th Cir. 2012) ..........................................................9

*Simer v. Rios*,
  661 F.2d 655 (7th Cir. 1981) ...................................................................7

*State of Arizona v. Shamrock Foods Co.*,
  729 F.2d 1208 (9th Cir. 1984) .................................................................9

*Sullivan v. DB Investments Inc.*,
  667 F.3d 273 (3d Cir. 2012) (en banc)............................................1, 9, 10

**Rules**

Federal Rule of Civil Procedure 1 ..............................................................15

Federal Rule of Civil Procedure 23............................................................*passim*

iii

## Books and Articles

Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* (4th ed. 2002) ................12

Natalie A. DeJarlais, *The Consumer Trust Fund: A Cy Pres Solution to Undistributed Funds in Consumer Class Actions*, 38 Hastings L.J. 729 (1987)................14

Alison Frankel, *2nd Circuit: Class Members Deserve Notice, Even in No-Money Deals*, Reuters, Aug. 25, 2012 ................................................................. 13, 14

Myriam Gilles, *Class Dismissed: Contemporary Judicial Hostility to Small-Claims Consumer Class Actions*, 59 DePaul L. Rev. 305 (2010)........................... 5, 14

Bruce D. Greenberg, *Class Ascertainability—The Third Circuit Approaches the Precipice*, New Jersey Appellate Law, Aug. 22, 2013....................................5, 6

E. Desmond Hogan et al., *New Third Circuit decision toughens standard for class certification when information about individual consumers is lacking*, Hogan Lovells Class Action Alert, Sept. 20, 2013 ........................................5

*Manual for Complex Litigation* (4th ed. 2004) ....................................................7, 8

James Moore et al., *Moore's Federal Practice* (3d ed. 1997) ....................................7

William B. Rubenstein, *Newberg on Class Actions* (5th ed. 2013)........................7, 8

Greg Ryan*, 3rd Circ. Adopts Unheard-Of Consumer Class Action Hurdle*, Law360, Sept. 18, 2013 ........................................................ 4, 5, 6

Daniel Seltz & Jordan Elias, *The Limited Scope of the Ascertainability Requirement*, American Bar Association, Mar. 18, 2013 ................................6

Nicole Skolout, *Carrera v. Bayer Corporation*, Class Action Lawsuit Defense, Aug. 26, 2013..................................................................5

Jason Steed, *On "Ascertainability" as a Bar to Class Certification*, 23 App. Advoc. 626 (2011) ..................................................................8

Charles Alan Wright, Arthur R. Miller et al., *Federal Practice & Procedure*, (3d ed. 2005)..................................................................8

## STATEMENT REQUIRED BY LOCAL RULE 35.1

I express a belief, based on a reasoned and studied professional judgment, that this appeal presents the following questions of exceptional importance:

1.     Does Rule 23's implicit requirement of ascertainability demand that a class-action plaintiff prove, as a prerequisite to class certification, that he will be able to identify each class member in the claims process—with evidence well beyond the traditional use of affidavits—even when the value of the claim is small, the existence of a well-defined class is undisputed, and the defendant's liability is based on its own sales records and thus will be the same regardless of how many class members are ultimately identified?

2.     Does the defendant have a constitutional due-process right to insist that the plaintiff prove, as a prerequisite to class certification, that he will be able to identify each class member in the claims process—even when the defendant's liability will be the same regardless of how many class members are ultimately identified?

*/s/ James E. Cecchi*
James E. Cecchi

## INTRODUCTION

The panel's decision in this case deals a body blow to consumer class actions. In the half-century since the creation of the modern class action, the panel's decision is the first by any federal circuit to hold that class certification may be defeated on the basis of "ascertainability" even when the existence of a well-defined class is not in doubt and the full extent of potential liability is known. In reaching that result, the panel minted a new constitutional due-process right of the defendant to insist that every class member prove—under an evidentiary standard that forecloses even the traditional use of affidavits—that they purchased the defendant's product.

If allowed to stand, the panel's decision will effectively wipe out most class actions involving small-dollar consumer products—cases for which class treatment has always been recognized as most essential. The panel's opinion leaves this Court's class-action jurisprudence at odds with that of every other circuit, adopts a troubling new interpretation of the Due Process Clause that cannot be reconciled with Supreme Court precedent, and undermines the goals of Rule 23 in the name of a judge-made doctrine (ascertainability) that is supposed to further those very goals.

As it did just a few years ago, this Court should grant rehearing en banc "to explain why the addition of this new requirement into the Rule 23 certification process is unwarranted." *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 285-86 (3d Cir. 2011) (en banc). Indeed, the issues here are of far greater importance than in *Sullivan* because they bear on the extent to which class actions will continue to exist in the

Third Circuit. At the very least, this Court should clarify that neither the Due Process Clause nor ascertainability precludes certification where a well-defined class exists and the defendant's liability is based only on its own records. Those key considerations make the panel's decision fundamentally different from this Court's recent ascertainability rulings in *Marcus v. BMW of North America, LLC,* 687 F.3d 583 (3d Cir. 2012)*,* and *Hayes v. Wal-Mart Stores, Inc.,* 725 F.3d 349 (3d Cir. 2013)—and from the law of all other circuits. Rehearing is needed here to bring this Court's law back into line with that of other circuits and to ensure that ascertainability does not thwart both the operation of Rule 23 and the private enforcement of consumer-protection laws.

## STATEMENT

This is a case against Bayer for deceptively advertising One-A-Day WeightSmart vitamins. The district court certified a class of all people who purchased WeightSmart in Florida. A panel of this Court decertified the class. The panel held that the district court's certification order violated Bayer's "due process right to challenge the proof used to demonstrate class membership"—a combination of retailer records and consumer affidavits—even though "Bayer's total liability [would] be determined at trial, and [would] not increase or decrease based on the affidavits submitted." Panel Op. 11 & 15.[1]

---

[1] Damages would be determined based on the total number of WeightSmart purchases in Florida, which Bayer's own sales records show. "As a result, affidavits attesting to class membership will only be used to determine to whom to pay the refund, and in what amount." Panel Op. 16. Any unclaimed money would not go back

The panel acknowledged that this fact—that the defendant's liability will be unaffected either way—distinguishes the case from this Court's recent decision in *Marcus*, where "each claim submitted would have increased the amount of money the defendants would have had to pay." *Id.* at 16. The panel determined that Bayer nevertheless has a constitutionally protected "interest in ensuring it pays only legitimate claims" because the following chain of events could take place:

(1)    the class prevails at trial by proving deceptive advertising;

(2)    the vast majority of true class members learn of the case and file a claim;

(3)    a large number of people file "fraudulent or inaccurate claims";

(4)    many of those claims go undetected, thus "dilut[ing] the recovery of true class members";

(5)    that dilution proves "material[]";

(6)    class members then "argue [that] the named plaintiff did not adequately represent them because he proceeded with the understanding that absent members may get less than full relief";

(7)    that argument succeeds (an issue on which the panel offered "no opinion");

(8)    some class members, no longer bound by the judgment, "then bring a new action against Bayer"; and, finally,

(9)    the court "appl[ies] the principles of issue preclusion to prevent Bayer from re-litigating" its liability.

*Id.* at 17-18 & n.7. The panel pointed to no example in history in which anything like this has ever happened. Yet it concluded that "Bayer has a substantial interest in ensuring that this does not happen"—a property interest protected by the Due

---

to Bayer, but to Florida's unclaimed property fund. *See Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1217-18 (S.D. Fla. 2006).

Process Clause of the Fourteenth Amendment—and that this interest demands that Bayer be able to challenge class membership for every class member. *Id.* at 18. The ascertainability requirement, the panel explained, "provides due process by requiring that a defendant be able to test the reliability of the evidence submitted to prove class membership." *Id.* at 11. The panel concluded that all the methods the plaintiff proposed by which the court or a claims administrator could determine who is a class member—sworn affidavits by class members, the well-established screening procedures of claims administrators, and retailer records of online sales and reward programs—are inadequate in light of Bayer's due-process rights. *Id.* at 14-20.

## ARGUMENT

**I.    The Panel's Decision Erects An Unprecedented Hurdle That, If Left Standing, Will Effectively Wipe Out Class Actions Involving Small-Dollar Consumer Products.**

The panel's decision in this case is a "game-changing decision" that imposes an "unheard-of" barrier to class certification in a wide range of cases. Ryan, *3rd Circ. Adopts Unheard-Of Consumer Class Action Hurdle*, Law360, Sept. 18, 2013 (attached). The decision decertifies a class based on three facts—none of which is unique to this case: (1) "class members are unlikely to have documentary proof of purchase" because the case involves an inexpensive consumable product, (2) the defendant "has no list of purchasers" because it does not sell the product "directly to consumers," and (3) retailers do not collect identifying information from every consumer who purchases the product. Panel Op. 4. From those facts, the decision holds that the case

cannot proceed as a class action because the plaintiff has not shown—at the threshold—that each class member could be identified using a particular method that the district court can "see . . . in action," *id.* at 19, even though "the determination of class membership" here "does not involve complex or complicated factual issues."[2]

That holding is unprecedented. As commentators of all stripes immediately recognized, the panel's decision erects "a much higher hurdle" than any previous decision in any circuit.[3] No case "has gone as far." Ryan, *Unheard-Of Hurdle.* The decision effectively requires a "complete record of who purchased [a] product" to bring a class action based on that product.[4] If the decision is left undisturbed, plaintiffs "likely will be required to demonstrate that sales record data actually exists and identifies the specific purchasers of the product." Hogan, *New Third Circuit decision.* That is an impossible task for a product purchased at a grocery store, pharmacy, or discount retailer such as Wal-Mart or Target—where neither the manufacturer nor retailer keeps comprehensive "lists of individuals who purchased those products" and "consumers generally do not save receipts or packaging." Skolout, *Carrera.* This unprecedented requirement dooms "most small-claims consumer class actions. Who, after all, has proof that they purchased peanut butter, pineapples, or aspirin?"[5] And

---

[2] Skolout, *Carrera v. Bayer Corporation*, Aug. 26, 2013, http://bit.ly/1dp4vtE.

[3] Hogan, *New Third Circuit decision toughens standard for class certification when information about individual consumers is lacking*, Sept. 20, 2013, http://bit.ly/1aWrHhY.

[4] Greenberg, *Class Ascertainability—The Third Circuit Approaches the Precipice*, Aug. 22, 2013, http://bit.ly/14w6hGW.

[5] Gilles, *Class Dismissed: Contemporary Judicial Hostility to Small-Claims Consumer Class Actions*, 59 DePaul L. Rev. 305, 312 (2010).

"permitting defendants to evade class actions based on their own insufficient records would give companies an incentive to engage in shoddy record-keeping or even to destroy their files."[6] (This concern is not limited to consumer cases. Imagine, for example, how an unscrupulous employer of migrant workers might respond.)

The decision's upshot is clear: It "come[s] perilously close to abrogating class certification in cases involving mass-marketed consumer products" like foods, beverages, dietary supplements, drugs, and other household items. Greenberg, *Class Ascertainability*. Setting the plaintiff up for a fool's errand, the panel remanded so he could try again, but the "opening left" "is so small as to be nonexistent." Ryan, *Unheard-Of Hurdle*. Rule 23's drafters intended it to allow "groups of people who individually" could not "bring their opponents into court at all" to band together to vindicate their rights. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). By eliminating the class-action device in the small-dollar cases where it is most essential, the panel's decision greatly impairs the ability of consumers to vindicate their rights.

## II. The Panel's Ascertainability Holding Puts This Court At Odds With Other Circuits, Fails To Serve The Purposes Of Ascertainability Identified In *Marcus*, And Undermines Rule 23.

En banc rehearing is warranted for a second, related reason: The panel's decision is the first from a federal circuit to hold that ascertainability—a judge-made doctrine that this circuit had not even "explain[ed] . . . at length" until last year, Panel Op. 6—requires plaintiffs to prove that they will be able to identify every member of

---

[6] Seltz & Elias, *The Limited Scope of the Ascertainability Requirement*, American Bar Association, Mar. 18, 2013, http://bit.ly/1eFc8PK.

their proposed class in a claims process. That requirement is not just novel—it is at odds with the law of other circuits, leading civil-procedure treatises, and Rule 23 itself. By making class certification most difficult in the cases where it is most needed, the panel's holding undermines the objectives of ascertainability identified by this Court in *Marcus*. The class here clearly defines who would be bound, and the method for identifying class members (retailer records and affidavits) would be administratively feasible and would allow for adequate notice to absent class members.

### A. The panel's ascertainability analysis cannot be squared with the prevailing law of other circuits and a half-century of class-action jurisprudence.

Ascertainability has historically rested on common sense: Rule 23 presumes the existence of "a definite or ascertainable class." 1 Rubenstein, *Newberg on Class Actions* § 3:2 (5th ed. 2013). "[A] class must exist," and it must "be susceptible of precise definition."" 5 *Moore's Federal Practice* § 23.21[1] (3d ed. 1997). The requirement has always "focus[ed] on the question of whether *the class* can be ascertained by objective criteria" as opposed to "subjective standards (*e.g.*, a plaintiff's state of mind) or terms that depend on resolution of the merits (*e.g.*, persons who were discriminated against)." Rubenstein, § 3:3; *Manual for Complex Litigation* § 21.222 (4th ed. 2004). For example, the Fifth Circuit refused to certify a "class made up of 'residents of this State active in the 'peace movement'" because of the "uncertainty of the meaning of 'peace movement.'" *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970). Other circuits' approaches have been similar. *See, e.g.*, *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981);

*Ihrke v. N. States Power Co.*, 459 F.2d 566, 573 & n.3 (8th Cir. 1972), *vacated as moot*, 409 U.S. 815 (1972).[7]

The panel, however, held that the class here is insufficiently ascertainable because the plaintiff cannot prove that he could identify *every class member*—not because the class definition is subjective or unclear. But courts have long "held that the class does not have to be so ascertainable that every potential member can be identified at the commencement of the action." 7A Wright & Miller, *Federal Practice & Procedure* § 1760 (3d ed. 2005); *see* Rubenstein § 3:3; *Manual for Complex Litig.* § 21.222. "To place such a burden on plaintiffs would seem harsh and unnecessary" and make many class actions "very difficult, if not impossible." Wright & Miller § 1760. Hence, "[i]f the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist." *Id.* (footnote omitted).

In holding otherwise, the panel's decision is at odds with the prevailing law of the other circuits. It cannot be squared, for example, with *Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279 (11th Cir. 2011). As here, that case involved Florida-law claims alleging deceptive advertising of an over-the-counter product (yogurt touted for its digestive health benefits). As here, the defendant argued that the class should be decertified because "individualized fact-finding" was required "to ascertain the members of the class." *Id.* at 1282. The Eleventh Circuit disagreed, finding the district

---

[7] In 2011, one commentator surveyed the cases and found that "there is no circuit-court opinion squarely holding that lack of ascertainability provides an independent basis for denying class certification." Steed, *On "Ascertainability" as a Bar to Class Certification*, 23 App. Advoc. 626, 627 (2011).

court's order "scholarly," "sound," and "well within the parameters of Rule 23's requirements." *Id.* at 1282-83. The only flaw it saw, easily fixable on remand, was that the class definition's wording included a subjective component (whether consumers bought yogurt "to obtain its claimed digestive health benefit") that is impermissible under the traditional understanding of ascertainability. *Id.* The Eleventh Circuit approved of the class if "defined as 'all persons who purchased [the product] in the State of Florida.'" *Id.* at 1283 & n.1. The panel's decision here—to decertify a class of all persons who purchased WeightSmart in Florida—directly conflicts with *Fitzpatrick*: If this case were brought in the Eleventh Circuit (or if that case were brought in the Third Circuit), the outcomes would be radically different.

More generally, the panel's decision conflicts with decisions upholding classes of purchasers of over-the-counter products—classes that could never exist under the decision. *See, e.g.*, *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 28 (D.C. Cir. 2000) (vitamins); *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24 (1st Cir. 2009) (drugs); *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 336 (3d Cir. 2010) (pet food); *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 170 (3d Cir. 2013) (baby products); *In re Dry Max Pampers Litig.*, 724 F.3d 713, 716 (6th Cir. 2013) (diapers); *State of Arizona v. Shamrock Foods Co.*, 729 F.2d 1208, 1210 (9th Cir. 1984) (dairy products); *Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 431 (11th Cir. 2012) (baby formula).

The panel's decision is also in substantial tension with this Court's en banc decision in *Sullivan v. DB Investments Inc.*, 667 F.3d 273. There, a broad majority of the

full Court rejected the view that, "when deciding whether to certify a class, a district court must ensure that each class member possesses a viable claim or 'some colorable legal claim.'" *Id.* at 285. The panel's rule here is more extreme than the rule rejected by *Sullivan*: It says that a district court cannot certify a class unless the plaintiff can show that each class member will be able to prove to a certainty that he or she is entitled to damages. *Sullivan* explained that the focus at certification is not an "inquiry into the existence or validity of each class member's claim" but rather "whether the defendant's conduct was common as to all of the class members" *Id.* at 299. Here, as in *Sullivan*, there is no doubt that the complaint alleges conduct (deceptive marketing) that is common to the class. The only question is whether individual class members' "potential inability" to prove that they purchased the product "should have precluded the District Court from certifying" the class. *Id.* at 300 n.23. *Sullivan* says it should not.

Finally, the panel's approach is impossible to harmonize with precedent allowing "[a] class action limited to determining liability on a class-wide basis, with separate hearings to determine . . . the damages of individual class members"—a procedure "permitted by Rule 23(c)(4)." *Butler v. Sears, Roebuck & Co.*, --- F.3d ---, 2013 WL 4478200, at *4 (7th Cir. Aug. 22, 2013); *accord Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) (collecting cases). As Judge Posner recently remarked, "[i]t would drive a stake through the heart of the class action device" to deny class treatment where, as here, "the issues of liability are genuinely common issues, and the damages of individual class members can be readily determined in

10

individual hearings, in settlement negotiations, or by creation of subclasses." *Butler*, 2013 WL 4478200, at *5. The alternative is unacceptable: "[D]efendants would be able to escape liability for tortious harms of enormous aggregate magnitude but so widely distributed as not to be remediable in individual suits." *Id.*

### B.    The panel's decision undermines Rule 23 and fails to serve the purposes of the ascertainability requirement.

The panel's decision frustrates the "core" purpose of Rule 23—solving "the problem that small recoveries do not provide the incentive for any individual to bring a solo action," *Amchem*, 521 U.S. at 617—by rendering the Rule effectively inapplicable in the quintessential small-recovery case: one involving an inexpensive consumable product. The decision achieves this result by purporting to apply *Marcus*, in which this Court first "explained the concept of ascertainability." Panel Op. 6. But ascertainability aims to *further* the operation of Rule 23, not defeat it.

*Marcus* identified three "important objectives" of ascertainability: (1) "it eliminates serious administrative burdens . . . by insisting on the easy identification of class members"; (2) "it protects absent class members by facilitating the 'best notice practicable' . . . in a Rule 23(b)(3) action"; and (3) "it protects defendants by ensuring that those persons who will be bound by the final judgment are clearly identifiable." 687 F.3d at 593. The panel's opinion serves none of these purposes.

Class membership here is based on an objective definition with clear contours: whether someone purchased WeightSmart in Florida. And the plaintiff has provided a method to identify people who meet this definition based on (a) affidavits or proofs

of purchase from potential class members that would then be subject to (b) an expert model designed to screen out fraudulent, inaccurate, or duplicative claims, and (c) data obtained from retailers like CVS, which track online purchases and those made using a rewards card. That method is administratively feasible, and it promotes Rule 23's efficiency goals without altering the defendant's substantive liability—a critical fact that distinguishes this case from *Marcus* and *Hayes*.[8]

Nor does the plaintiff's method violate the rights of absent class members. To the contrary, it ensures that they will receive adequate notice and provides an efficient, effective way for them to obtain relief.[9] True, the method here does not guarantee that *every* class member can be identified with perfect accuracy. But Rule 23 does not require a roll call (nor, for that matter, does due process). The Rule itself contemplates that classes will contain members who are not easily identifiable: It requires that absent class members in a case like this receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," and published notice to those who cannot be. Fed. R. Civ. P. 23(c)(2)(B); *see Hughes v. Kore of Ind. Enter., Inc.*, --- F.3d ---, 2013 WL

---

[8] The use of affidavits is well established: "A simple statement or affidavit may be sufficient where claims are small or are not amenable to ready verification." 3 Conte & Newberg § 10:12. Where "the burden of an affidavit procedure is likely to be minimal," courts allow people "to establish class membership by affidavit or claim form." *Harris v. comScore, Inc.*, 2013 WL 1339262, at *8 (N.D. Ill. 2013); *see Boundas v. Abercrombie & Fitch Stores*, 280 F.R.D. 408, 417 (N.D. Ill. 2012) ("[A]nybody claiming class membership on that basis will be required to submit an appropriate affidavit.").

[9] This does not come at the expense of their recoveries: There is simply no realistic chance that hundreds of thousands of Floridians will go through the trouble of lying on their claim forms, finding a notary, and submitting their claims—all for $9.

4805600, at *4 (7th Cir. Sept. 10, 2013). These requirements would make no sense if a class could consist only of members who are identifiable.

## III.    The Panel's Recognition Of A New Due Process Clause Right—In The Absence Of A Protected Property Interest Or The Requisite Balancing of Interests—Cannot Be Reconciled With Supreme Court Precedent.

Although framed in terms of Rule 23 and its implicit ascertainability requirement, the panel's decision rests, at bottom, on its novel interpretation of the Due Process Clause. The decision establishes a new "due process right to challenge the proof used to demonstrate class membership"—even when the defendant's liability will not be affected—and says that ascertainability protects this right "by requiring that a defendant be able to test the reliability of the evidence submitted to prove class membership." Panel Op. 11.

Procedural due process, however, is not a freestanding right. It attaches "only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). The panel's opinion concludes that Bayer has a "substantial interest in ensuring" that "only legitimate claims" are paid out as part of the claims process because otherwise there would be "a significant likelihood" that true class members' recoveries would "be diluted by fraudulent or inaccurate claims," which could mean that class members are not bound by the judgment. Panel Op. 17-18. But it is "exceedingly rare for courts to permit after-the-fact challenges by class members." Frankel, *2nd Circuit: Class Members Deserve Notice*, Reuters, Aug. 25, 2012. "[T]here have

13

been only eight or nine such 'collateral attacks' in the history of the federal judiciary."
*Id.* And the likelihood here is particularly slight: It would require virtually everyone who bought WeightSmart in Florida to file a claim, setting off a chain of events (listed on page 3) so unlikely that the panel does not cite any evidence that anything like it has ever occurred.[10] As the Supreme Court has made clear, such speculation is not enough to create a constitutionally protected property interest under the Due Process Clause: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577; *see also Hilao v. Estate of Marcos*, 103 F.3d 767, 786 (9th Cir. 1996) (class-action defendant asserted due-process "interest in not paying damages for any invalid claims," but its "interest [was] *only* in the total amount of damages for which it will be liable" (emphasis added)).

Nor can a due-process right be grounded in Bayer's supposed interest in the distribution of damages. As the panel acknowledged, "Bayer's total liability will be determined at trial, and will not increase or decrease based on the affidavits submitted." Panel Op. 15. "[O]nce damages are established, the defendant has no legitimate interest in how those damages are distributed." DeJarlais, *The Consumer Trust*

---

[10] Some of the panel's speculation is particularly far-fetched. For example, the panel surmises that there would be so many claims (both valid and invalid) that the total amount would greatly exceed Bayer's liability and thus "materially reduce true class members' relief." Panel Op. 17. But "in small-claims consumer class actions, less than twenty percent" of class members file a claim. Gilles, 59 DePaul L. Rev. at 315.

*Fund: A Cy Pres Solution to Undistributed Funds in Consumer Class Actions*, 38 Hastings L.J. 729, 766 (1987). Bayer therefore is not "prejudiced . . . by an inability to defend against consumers who are unable to prove their purchases" and is not "constitutionally entitled to compel a parade of individual plaintiffs to establish damages." *In re Antibiotic Antitrust Actions*, 333 F. Supp. 278, 289 (S.D.N.Y. 1971). This fact—that any "affidavits attesting to class membership [would] only be used to determine *to whom* to pay the refund, and in what amount," Panel Op. 16 (emphasis added)—distinguishes this case from *Marcus*, where "each claim submitted would have increased the amount of money the defendants would have had to pay." *Id.* Under those circumstances, "having potential class members submit affidavits," as Judge Ambro's opinion for the Court observed, might very well have "serious due process implications." *Marcus*, 687 F.3d at 594. Not so here.

Finally, even if the panel were somehow correct that Bayer has a property interest, the panel never balanced the competing interests in efficiency and accuracy, as required by *Mathews v. Eldridge*, 424 U.S. 319 (1976). Indeed, the panel did not even consider *Mathews* balancing; it simply held that Bayer's right to insist on perfect accuracy trumps all other countervailing concerns—including "'the just, speedy, and inexpensive determination of every action.'" *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 123 (3d Cir. 2009) (quoting Fed. R. Civ. P. 1).

## CONCLUSION

The petition for rehearing and rehearing en banc should be granted.

15

Respectfully submitted,

*/s/ James E. Cecchi*
James E. Cecchi
Lindsey H. Taylor
Caroline F. Bartlett
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

Joe R. Whatley, Jr.
Patrick J. Sheehan
WHATLEY DRAKE & KALLAS, LLC
380 Madison Avenue, 23rd Floor
New York, NY 10017
(212) 447-7070

Deepak Gupta
Jonathan E. Taylor
GUPTA BECK PLLC
1625 Massachusetts Avenue, NW, Suite 500
Washington, DC 20036
(202) 888-1741

*Counsel for Plaintiff-Appellee*

September 27, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2013, I electronically filed the foregoing petition with the Clerk of the Court for the U.S. Court of Appeals for the Third Circuit by using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the appellate CM/ECF system.


Dated:  September 27, 2013                    */s/ James E. Cecchi*
                                              James E. Cecchi