

Portfolio Media. Inc. | 860 Broadway, 6th Floor | New York, NY 10003 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# 3rd Circ. Adopts Unheard-Of Consumer Class Action Hurdle

By **Greg Ryan**

Law360, New York (September 18, 2013, 9:14 PM ET) -- The Third Circuit recently sank a false advertising lawsuit against Bayer Corp. by holding that, without receipts or sales records, there may be no reliable way to identify class members, a game-changing decision that makes it significantly tougher for consumers to target food and other low-cost products in a class action.

In a precedential Aug. 21 opinion, a three-judge panel reversed a New Jersey federal judge's certification of a class of Florida consumers who claim Bayer falsely advertised the metabolism-boosting benefits of its One-A-Day WeightSmart vitamin. It would be too difficult to determine whether a consumer actually belongs to the class, the appeals court said, pointing to a concept known as ascertainability.

The panel rejected plaintiff Gabriel Carrera's contention that class membership could be determined based on retailer records for customer-loyalty card and online purchases, since there was no proof they had such records, or based on affidavits from consumers swearing they bought the vitamins, since there was no proof they are reliable.

The decision is not the first in the Third Circuit or elsewhere to apply ascertainability in a manner that benefits defendants, but none has gone as far in suggesting that, without a receipt or record of purchase from a retailer, plaintiffs bringing a consumer product class action may not be able to secure certification, according to attorneys.

"What it really nails down is if a defendant doesn't have records regarding who's in the class, then a class might not be possible," McGuireWoods LLP counsel Andrew Trask said.

Such a reading hampers lawsuits targeting the types of inexpensive products that most retailers would not bother tracking and most consumers would not bother to keep a receipt for, including the common grocery items at the heart of ever-popular food labeling litigation, attorneys said.

"Ultimately, in a case where a defendant does not have and is under no obligation to retain sales records, it's going to be an uphill battle for these very broad false advertising types of claims," Shook Hardy & Bacon LLP partner Sean Wajert said.

The ruling builds on the Third Circuit's ruling in Marcus v. BMW of North America LLC in August 2012, the first time the appeals court examined ascertainability at length. The appeals court held in that case that a tire defect class action should not be certified because the plaintiff had not adequately shown how to determine which consumers had experienced flat tires and had the products replaced.

"This case really implements [Marcus] in a concrete way that would be applicable to a whole host of products," Wajert said.

In reversing the certification of the Carrera class, the Third Circuit held there is no proof that retailers have online sales or loyalty-card records proving a consumer purchased the vitamins.

The judges turned aside arguments put forward by Carrera related to the viability of affidavits. It would not matter if the low value of the claims made fabricated affidavits unlikely, since Bayer still must have a way to challenge class membership, according to the panel.

In addition, it would not matter if Bayer's total liability remains the same regardless of the number of claims, since the ascertainability principle protects class members from fabricated claims, just as it protects defendants, it said.

Carrera cannot simply propose a screening model to ferret out fabricated affidavits without proving that it will be reliable and specific to the case, the panel said. However, it held that Carrera could overcome the ascertainability hurdle if he devises a reliable, case-specific screening model that allows Bayer to challenge affidavits, according to the panel.

In reality, the opening left by such a model is so small as to be nonexistent, attorneys said.

"If you read the opinion in its entirety, it certainly seems to indicate that nothing short of a receipt will be a reliable method. I don't see much of a door being left open in light of the other language in the opinion," Seeger Weiss LLP partner Jonathan Shub said.

"As plaintiffs counsel, we think the court has just misconstrued Rule 23. There's no requirement that you have written proof you're in the class," Shub said. "It has far-reaching implications for consumer cases."

Defense attorneys maintained that it was not fair to rely on consumers' word that they bought a product in a class setting when such a statement would be subject to much higher scrutiny in an individual action.

"You don't give up your right to due process as a defendant just because the plaintiffs bring a class action," Wajert said.

Circuit Judges Michael Chagares, D. Brooks Smith and Anthony Scirica sat on the panel for the Third Circuit.

Carrera is represented by Caroline Bartlett, James Cecchi and Lindsey Taylor of Carella Byrne Cecchi Olstein Brody & Agnello PC and Joe Whatley of Whatley Drake & Kallas LLC.

Bayer is represented by Matthew Ford, Christopher Landgraf and Rebecca Weinstein Bacon of Bartlit Beck Herman Palenchar & Scott LLP.

The case is Carrera v. Bayer Corp. et al., case number 12-2621, in the U.S. Court of Appeals for the Third Circuit.

--Editing by Katherine Rautenberg and Philip Shea.

All Content © 2003-2013, Portfolio Media, Inc.